FILED
IN CLERK'S OFFICE

27 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JOSE CARDENAS,

                       Petitioner,

    -against-

UNITED STATES OF AMERICA,

                       Respondent.
-------------------------------------------------------------- X

05 CV 764 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The pro se petitioner Jose Cardenas ("Cardenas" or "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on February 1, 2005. Petitioner pleaded guilty to one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(ii)(II), and was sentenced on May 24, 2004 to a term of 135 months' imprisonment.

In petitioner's plea agreement, the government estimated that petitioner's sentence would be between 135 and 168 months. As part of the agreement, the petitioner agreed that he would not "file an appeal or otherwise challenge the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 168 months or below." Plea Agreement ¶ 4. During the allocution, the court directed petitioner's attention to the waiver provision of the agreement, asking him if he understood that he had "agreed, among other things, not to file an appeal or otherwise challenge [his] conviction or sentence if [the court] impose[d] a prison

1

term of 168 months or less." Plea Transcript at 15. Petitioner answered in the affirmative. Id. The court then accepted petitioner's guilty plea.

On May 24, 2004, petitioner was sentenced to 135 months' incarceration, the bottom of his guidelines range. Due to his waiver of appellate rights, petitioner did not file a notice of appeal within the prescribed time period.

In the instant petition, Cardenas challenges his sentence by claiming ineffective assistance of counsel for failing: (1) to object to the determination of petitioner's criminal history category; (2) to move for a minor role adjustment; (3) to argue that the court should sentence him to the statutory minimum; and (4) to argue that the base offense level should have been 34 rather than 38 based on the drug quantity. Petitioner's claims are procedurally barred and, in any event, he has waived his right to collaterally attack his sentence.

"Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' Douglas v. United States, 13 F.3d 46 (2d Cir. 1993); or (2) 'actual innocence.'" Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1999) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "A motion under § 2255 is not a substitute for appeal." Rosario, 164 F.3d at 732 (citing United States v. Munoz, 143 F.3d 632, 637 (2d cir. 1998)).

Because petitioner did not file a direct appeal, he can only bring this § 2255 petition upon a showing of cause, and prejudice resulting therefrom, or actual innocence. A waiver of appeal provision in a plea agreement does not constitute "cause" for failing to take a direct appeal. See United States v. Pipitone, 67 F.3d 34 (2d Cir. 1995). Petitioner has not

demonstrated cause and prejudice, and he does not claim actual innocence. The petition is therefore procedurally barred.

In any event, by the terms of his plea agreement, petitioner waived his right to "file an appeal or otherwise challenge the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 168 months or below." Plea Agreement ¶ 4. "[I]n no circumstances . . . may a defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement," United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert. denied 509 U.S. 931 (1993), for "such a remedy would render the plea bargaining process and the resulting agreement meaningless." Id.; see also United States v. Johnson, 347 F.3d 412, 414 (2d Cir. 2003) ("[I]n general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guideline's range is enforceable."). Like the right of direct appeal, the right to collaterally attack a sentence may be waived in a plea agreement, Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam), but such waiver does not foreclose an attack on the validity of the process by which the waiver has been procured. United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam).

Petitioner does not contend that his waiver of his right to challenge his sentence was not knowing or voluntary. Petitioner also does not claim that he received ineffective assistance of counsel in entering the plea agreement, an argument which the Second Circuit has suggested "might cast doubt on the validity of his waiver." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1997) (citations omitted). Rather, petitioner claims to have received ineffective assistance at sentencing. Petitioner's ineffective assistance claim is therefore barred by the

3

waiver in his plea agreement, and petitioner may not circumvent that bar by couching his attack as a Sixth Amendment ineffective assistance of counsel claim. Id. at 107 ("[D]espite [defendant's] effort to dress up his claim as a violation of the Sixth Amendment, [he] in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government."). Accordingly, a petition, such as the instant one, "that is merely an attack on the merits of a sentence is barred by petitioner's express waiver of his right to appeal a conforming sentence." United States v. Ramirez, 963 F.Supp. 329, 331 (S.D.N.Y. 1997) (citing Pipitone, 67 F.3d at 39).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: June 22, 2005
      Brooklyn, New York

SERVICE LIST:

Petitioner *Pro Se*
Jose Cardenas
2464-008
FCI 1900 Simler
Big Spring, TX 79720

Attorney for Respondent
Colleen Elizabeth Kavanagh
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201